**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TERESA ANDERSON, Executor of the Estate and for the heirs and next of kin of KEITH ANDERSON, deceased, and TERESA ANDERSON, Individually, | ) ) ) ) ) ) ) | Case No. _____ |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| MEDTRONIC, INC., MEDTRONIC USA, INC., MEDTRONIC PUERTO RICO OPERATIONS CO., and MEDTRONIC LOGISTICS, LLC, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## NOTICE OF REMOVAL

Defendants Medtronic, Inc., Medtronic USA, Inc., and Medtronic Logistics, LLC (collectively, "Medtronic Defendants"),[1] pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, remove the above-styled action, *Anderson, et al. v. Medtronic, et al.*, Case No. LALA002938, from Iowa District Court for Washington County to the United States District Court for the Southern District of Iowa, Eastern Division. There is complete diversity between Plaintiff and Medtronic Defendants

---

[1] Plaintiff served Medtronic, Inc. and Medtronic USA, Inc. via their registered agent on March 23, 2023. Plaintiff served Medtronic Logistics, LLC via its registered agent on March 31, 2023. Upon information and belief, Plaintiff has not as of yet accomplished service of process for Medtronic Puerto Rico Operations Co. Although consent of an unserved defendant is unnecessary to accomplish removal, to avoid any doubt, and without waiving any defenses including but not limited to failure of service of process, all Medtronic defendants named here consent to removal of this action. Additionally, no defendant, whether served or unserved, is a citizen of Iowa for purposes of determining diversity of citizenship.

and thus this Court has original jurisdiction under 28 U.S.C. § 1332. In support of removal, Medtronic Defendants state as follows:

## INTRODUCTION

1.      Plaintiff commenced this action on January 2, 2023, filing a Petition at Law for Money Damages ("Petition") in the Iowa District Court for Washington County, entitled *Teressa Anderson, Executor of the Estate and for heirs and next of kin of Keith Anderson, deceased, and Teressa Anderson, Individually v. Medtronic Inc., Medtronic USA, Inc., Medtronic Puerto Rico Operations, Co., and Medtronic Logistics, LLC*, Case No. LALA002938. A true and correct copy of the Petition at Law and all process, pleadings, and orders served on Medtronic, Inc., Medtronic USA, Inc., and Medtronic Logistics, LLC are attached as **Exhibit A**.

2.      In the Petition, Plaintiff seeks money damages for alleged personal injuries and wrongful death arising from decedent Keith Anderson's implantation and use of the Medtronic SynchroMed® II Programmable Implantable Infusion Pump System—an FDA-approved Class III prescription medical device. Plaintiff also alleges loss of consortium, along with a claim for punitive damages. Medtronic Defendants deny Plaintiff's allegations.

3.      Plaintiff served both Defendant Medtronic, Inc. and Defendant Medtronic USA, Inc. with the Petition on March 23, 2023, and Medtronic Logistics, LLC on March 31, 2023. This Notice of Removal is therefore timely. *See* 28 U.S.C. § 1446(b)(1). And moreover, all named and served Defendants consent to removal. *See* 28 U.S.C. § 1446(b)(2).[2]

4.      This action may be removed under 28 U.S.C. §1441 because this Court has original

---

[2] As already noted, Plaintiff has not yet served Medtronic Puerto Rico Operations Co. and Medtronic Puerto Rico Operations Co. does not waive service of process requirements in this case. Although consent of unserved parties is not needed to accomplish removal, all named Medtronic entities consent to removal.

jurisdiction over this action under 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties properly joined and served, the amount in controversy exceeds $75,000, exclusive of interest and costs, and no defendant is a resident of the forum state.

## VENUE AND JURISDICTION

5. Venue is proper in this Court because the action is being removed from the state court in which Plaintiff filed her Petition, the Iowa District Court for Washington County, State of Iowa, which also sits within the United States District Court for Southern Iowa, Eastern Division. 28 U.S.C. §§ 118(a), 1441(a), and 1446(a).

6. Federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between . . . citizens of different States [. . .]" 28 U.S.C. §1332 (a)(1).

7. Removal is therefore proper under 28 U.S.C. § 1332 where, as here: (1) there is complete diversity between Plaintiff and Medtronic Defendants; (2) the amount in controversy exceeds $75,000, exclusive of costs and interests, as explained below; and (3) no defendant joining in this removal or otherwise named in this action is a resident of the forum state of Iowa.

## BASIS FOR REMOVAL

**I.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1441.**

**A.     There Is Complete Diversity of Citizenship Between the Parties.**

8. Complete diversity exists because Plaintiff is a citizen of the State of Iowa, and no Medtronic Defendant is an Iowa citizen.

9. Plaintiff is domiciled in Kalona, Washington County, Iowa. *See* Ex. A.

10. A corporation, by contrast, is a citizen of both the state where it is incorporated and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1).

11.     Defendant Medtronic, Inc. is a Minnesota corporation with its principal place of business at 710 Medtronic Parkway, Minneapolis, Minnesota 55432.

12.     Defendant Medtronic USA, Inc. is a Minnesota corporation, with its principal place of business at 710 Medtronic Parkway, Minneapolis, Minnesota 55432.

13.     Defendant Medtronic Logistics, LLC is a limited liability company organized under the laws of the State of Minnesota, with its principal place of business at 710 Medtronic Parkway, Minneapolis, Minnesota 55432. Medtronic Logistics LLC has a single member: Medtronic USA, Inc., a corporation organized under the laws of the State of Minnesota with its principal place of business in Minnesota.

14.     Although Medtronic Puerto Rico Operations Co. remains unserved as the date of this filing, and their consent is not needed for removal and they do not waive service of process, it is a corporation organized under the laws of the Cayman Islands, B.W.I., with its principal place of business in Puerto Rico. Medtronic Puerto Rico Operations Co. is therefore a citizen of the Cayman Islands and Puerto Rico. 28 U.S.C. §1332(c)(1); *see also id*. § 1332(e) (as used in Section 1332, the term "States" includes the Commonwealth of Puerto Rico).

15.     Thus, this action involves "citizens of different States." 28 U.S.C. § 1332. Plaintiff is a citizen of the State of Iowa, and because no Medtronic Defendant is a citizen of the State of Iowa, removal of this action is proper under 28 U.S.C. § 1441(b)(2).

**B.     The Amount in Controversy Requirement Is Satisfied.**

16.     The amount in controversy requirement for diversity jurisdiction is also satisfied, as it is clear from the face of the Petition that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

17.     Pursuant to § 1446(a), a defendant seeking to remove a case must include in its

notice of removal "a short and plain statement of the grounds for removal." The United States Supreme Court held that to satisfy the "short and plain statement" requirement, the removal notice must allege the amount in controversy "plausibly" but "need not contain evidentiary submissions" to support the allegation. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551, 553 (2014).

18.     The general federal rule is that the amount in controversy is determined by the complaint itself. *See, e.g.*, *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). The Eighth Circuit, moreover, has held that "the amount in controversy is the sum claimed by the plaintiff," so long as that amount is "apparently made in good faith." *Hedberg v. State Farm Mut. Auto. Ins. Co.*, 350 F.2d 924, 928 (8th Cir. 1965).

19.     Although Medtronic Defendants deny any liability for Plaintiff's alleged injuries, it is facially apparent that the amount in controversy here exceeds $75,000.

20.     Plaintiff seeks monetary damages for personal injuries and wrongful death allegedly caused by the Medtronic SynchroMed® II Programmable Implantable Infusion Pump System. *See* Ex. A, ¶ 1. Plaintiff alleges her decedent experienced "severe physical and emotional injuries, and economic loss[,] . . . incur[ing] substantial damages *in excess of the jurisdictionally required $75,000.*" *Id.* ¶ 23 (emphasis added).

21.     Plaintiff's Petition does not contain a precise monetary amount for the damages; however, "[w]hen damages are pleaded in this way, 'the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.' " *Turntine v. Peterson*, 959 F.3d 873, 880 (8th Cir. 2020) (quoting *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)).

22.     Given that Plaintiff alleges wrongful death, as well as loss of consortium and

punitive damages claims, a reasonable reading of the value of the rights being litigated supports Medtronic Defendants good-faith belief that the amount in controversy exceeds $75,000, exclusive of interest and costs.

23. Because there is complete diversity of citizenship, and the amount in controversy requirement is satisfied, this Court has jurisdiction.

**II. ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED**

24. This Notice of Removal is timely under 28 U.S.C. § 1446(b). Less than 30 days have passed since Plaintiff served her Petition on Medtronic, Inc. and Medtronic USA, Inc. on March 23, 2023, and Medtronic Logistics, LLC on March 31, 2023.

25. No defendant joining in this removal or otherwise named in this action is a forum defendant under 28 U.S.C. § 1441(b)(2).

26. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings are attached to this Notice of Removal as **Exhibit A**. Medtronic Defendants have not been served with any other orders in the action. Attached as **Exhibit B** is a true and correct copy of the docket sheet in the Iowa District Court for Washington County, which confirms that there are no pending motions in state court.

27. Pursuant to Local Rule 81(a)(3), the following attorney has appeared on behalf of Plaintiff: Larry Woods, Law Offices of Larry F. Woods, 24 North Frederick Avenue, Oelwein, IA 50662, Phone: (319) 283-3204, Fax: (319) 283-9193, lfwoods@trxinc.com.

28. A copy of this Notice of Removal will be filed with the Clerk of the District Court for Washington County, Iowa, and will be served on counsel of record, consistent with 28 U.S.C. § 1446(d).

29. Medtronic Defendants reserve all defenses and objections to Plaintiff's Petition.

30.     If any question arises as to the propriety of this removal, Medtronic Defendants request the opportunity to brief any disputed issues and to present oral argument in support of their position that this case is properly removable. Medtronic Defendants also reserve the right to supplement this Notice of Removal as appropriate.

**WHEREFORE**, notice is given that this action is removed from the Iowa District Court for Washington County to the United States District Court for the Southern District of Iowa, Eastern Division.

Dated: April 21, 2023

Respectfully submitted,

*//s/  Robert V.P. Waterman, Jr.*
Robert V.P. Waterman, Jr.
**LANE & WATERMAN LLP**
220 North Main Street, Suite 600
Davenport, Iowa 52801
Telephone: (563) 333-6618
bwaterman@L-WLaw.com

and

Sara K. Thompson
(* *pro hac vice application forthcoming*)
**GREENBERG TRAURIG LLP**
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA  30305
Telephone:  (678) 553-2100
thompsons@gtlaw.com

Taryn Harper
(* *pro hac vice application forthcoming*)
**GREENBERG TRAURIG LLP**
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA  30305
Telephone:  (678) 553-2100
harpert@gtlaw.com

*Counsel for Defendants Medtronic, Inc.,*
*Medtronic USA, Inc., and Medtronic*
*Logistics, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **NOTICE OF REMOVAL** was served via electronic and overnight mail on this 21 day of April, 2023, to the following counsel of record:

Larry Woods
Law Offices of Larry F. Woods
24 North Frederick Avenue
Oelwein, IA 50662
lfwoods@trxinc.com

/s/  *Robert V.P. Waterman, Jr.*
Robert V.P. Waterman, Jr.

8NCTSC                 IOWA DISTRICT COURT IN AND FOR WASHINGTON  COUNTY

---

TERESA ANN ANDERSON
     Plaintiff(s)

VS.

CASE NO: 08921  LALA002938

**NOTICE OF CIVIL
TRIAL-SETTING CONFERENCE**

MEDTRONIC INC
MEDTRONICPUERTO RICO OPERATION
MEDTRONIC USA INC
MEDTRONIC LOGISTICS LLC

     Defendant(s)

---

To the parties or their attorneys of record:

In accordance with Iowa Rule of Civil Procedure 1.906, notice is hereby given that a **Trial Scheduling Conference is scheduled on 05/24/2023 at 9:20 AM (Telephonic ONLY: please call at the date and time listed via telephone conference call.**


This conference shall be held:
**By telephone with the conference call to be initiated by Petitioner/Plaintiff.  The Case Coordinator shall be connected to the call at (641) 684-6502 ext 617.**

Attorneys for all parties **and all self-represented parties** appearing in the case shall participate in this telephone conference call.

At this trial-setting conference, every case will be set for trial within the time periods provided by Iowa Court Rules Chapter 23, Time Standards for Case Processing.

Prior to the trial-setting conference, the parties must file a Trial Scheduling and Discovery Plan, Iowa Court Rule 23.5-Form 2 (Form 3 for Expedited Civil Actions).

In judicial districts that allow it, the parties may, in lieu of holding a trial-setting conference, first file their Trial Scheduling and Discovery Plan and then, prior to the date scheduled for the trial-setting conference, obtain a trial date from court administration  that complies with the provisions of Chapter 23.  The date will be entered by the Court on the Trial Scheduling and Discovery Plan.

The trial date that is agreed upon at this conference shall be a firm date.  Continuances will not be granted, even if all parties agree, unless for a crucial cause that could not have been foreseen.

The Clerk of Court shall notify all counsel of record and parties not represented by counsel.

DATED 04/21/23.

EXHIBIT A

/s/ Amy Gardner
Case Scheduler
Eighth Judicial District
333 North Court Street
Ottumwa, IA 52501
(641) 684-6502 ext 617

If you need assistance to participate in court due to a disability, call the disability coordinator at (641) 684-6502 or information at https://www.iowacourts.gov/for-the-public/ada/. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Vicki Ann Swanson<br>Medtronic<br>710 Medtronic Pkwy<br>Minneapolis, MN 55432-5603 |

| | |
|---|---|
| **Electronic copy provided to:** | Julie Bonczek |

| | |
|---|---|
| **Entity:** | Medtronic, Inc.<br>Entity ID Number 3810357 |
| **Entity Served:** | Medtronic, Inc. |
| **Title of Action:** | Teresa Anderson vs. Medtronic, Inc. |
| **Matter Name/ID:** | Teresa Anderson vs. Medtronic, Inc. (13830536) |
| **Document(s) Type:** | Notice and Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Washington County District Court, IA |
| **Case/Reference No:** | LALA002938 |
| **Jurisdiction Served:** | Iowa |
| **Date Served on CSC:** | 03/23/2023 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Larry Woods<br>319-283-3204 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

| Teresa Anderson, Executor of the Estate and for heirs and next of kin of Keith Anderson, deceased, and Teresa Anderson, individually | Court File Number |
|---|---|
| Plaintiff, | *LALA002938* |
| vs. | **AFFIDAVIT OF SERVICE** |
| Medtronic Inc., et al. | |
| Defendants, | |

State of Iowa } SS
County of Polk }

Misti Allison, being duly sworn, on oath says that on Thursday, March 23, 2023 at 11:18 AM she

served the Petition & Original Notice upon Medtronic USA Inc., therein named, personally at

Corporation Service Company, Ste 729, 505 5th Avenue, Des Moines, IA 50309, by handing to and

leaving with Danielle Landals, Receptionist at Corporation Service Company,

the Registered Agent for Medtronic USA Inc., expressly authorized to accept service of process

for same, a true and correct copy thereof.

Subscribed and Sworn to before me
by Misti Allison

_____29___ / __Mar__ /2023.

_____
(Signature of Notary)



NOTARIAL SEAL IOWA
DAKOTA ALLISON
Commission Number 829924
My Commission Expires
1 Feb 24

_____
Misti Allison

---

* Service was completed by an independent contractor retained by Metro Legal Services, Inc.



Serial # MESSP2 281720 3291

Re: Anderson vs. Medtronic



METRO LEGAL
legal support specialists since 1969

616 South 3rd Street
Minneapolis, MN 55415
(800) 488-8994
www.metrolegal.com

**STATE OF IOWA**
**COUNTY OF WASHINGTON**

E-FILED 2023 MAR 30 8:12 AM WASHINGTON - CLERK OF DISTRICT COURT

**DISTRICT COURT**

Teresa Anderson, Executor of the Estate and for heirs and next
of kin of Keith Anderson, deceased, and Teresa Anderson,
individually

                Plaintiff,

vs.

Medtronic Inc., et al.

                Defendants,

Court File Number

*LALA 002938*

**AFFIDAVIT OF SERVICE**

State of Iowa } SS
County of Polk }

Misti Allison, being duly sworn, on oath says that on Thursday, March 23, 2023 at 11:18 AM she

served the Petition & Original Notice upon Medtronic Inc., therein named, personally at

Corporation Service Company, Ste 729, 505 5th Avenue, Des Moines, IA 50309, by handing to and

leaving with Danielle Landals, Receptionist at Corporation Service Company,

the Registered Agent for Medtronic Inc., expressly authorized to accept service of process for

same, a true and correct copy thereof.

Subscribed and Sworn to before me
by Misti Allison

_____29___ / __Nov__ /2023.

_____Dores_____
(Signature of Notary)

_____Misti Allison_____
Misti Allison

DAKOTA ALLISON
Commission Number 829920
My Commission Expires
Feb 24

NOTARIAL SEAL IOWA

---

\* Service was completed by an independent contractor retained by Metro Legal Services, Inc.



Serial # MESSP2 281719 3290

Re: Anderson vs. Medtronic



METRO LEGAL
legal support specialists since 1969

616 South 3rd Street
Minneapolis, MN 55415
(800) 488-8994
www.metrolegal.com

-1-

| | |
|---|---|
| Teresa Anderson, Executor of the Estate and for heirs and next of kin of Keith Anderson, deceased, and Teresa Anderson, individually | Court File Number |
| Plaintiff, | |
| | **AFFIDAVIT OF SERVICE** |
| vs. | |
| Medtronic Inc., et al. | |
| Defendants, | |

State of Iowa ⎫ SS
County of Polk ⎭

Misti Allison, being duly sworn, on oath says that on Wednesday, March 29, 2023 at 11:21 AM

she served the Petition; Original Notice; & Letter to Secretary of State upon MedtronicPuerto

Rico Operations, Co., therein named, personally at Iowa Secretary of State, 321 E. 12 Street,

Des Moines, IA 50319, by handing to and leaving with Kay Court, Clerk for the Iowa Secretary

of State.

Subscribed and Sworn to before me
by Misti Allison

_____31___ /__Mar___/2023.

_____
(Signature of Notary)

_____
Misti Allison
Misti Allison

DAKOTA ALLISON
Commission Number 829924
My Commission Expires
1 Feb 24

---

* Service was completed by an independent contractor retained by Metro Legal Services, Inc.



Serial # MESSP2 281721 3292

Re: Anderson vs. Medtronic



MetroLEGAL
legal support specialists since 1969

616 South 3rd Street
Minneapolis, MN 55415
(800) 488-8994
www.metrolegal.com

Teresa Anderson, Executor of the Estate and for heirs and next
of kin of Keith Anderson, deceased, and Teresa Anderson,
individually

                     Plaintiff,

vs.

Medtronic Inc., et al.

                     Defendants,

Court File Number

*LALA 002938*

**AFFIDAVIT OF SERVICE**

State of Iowa ⎫
County of Polk ⎭ SS

Misti Allison, being duly sworn, on oath says that on Wednesday, March 29, 2023 at 11:21 AM

she served the Petition; Original Notice; & Letter to the Secretary of State upon Medtronic

Logistics, LLC, therein named, personally at Iowa Secretary of State, 321 E. 12 Street, Des

Moines, IA 50319, by handing to and leaving with Kay Court, Clerk for the Iowa Secretary of State.

Subscribed and Sworn to before me
by Misti Allison

31 / Nov /2023.

_____
(Signature of Notary)

_____
Misti Allison

DAKOTA ALLISON
Commission Number 829924
My Commission Expires
1 Feb 24

---

\* Service was completed by an independent contractor retained by Metro Legal Services, Inc.



Serial # MESSP2 281722 3293

Re: Anderson vs. Medtronic



METRO LEGAL
legal support specialists since 1969

616 South 3rd Street
Minneapolis, MN 55415
(800) 488-8994
www.metrolegal.com

-1-

IN THE DISTRICT COURT OF IOWA, IN AND FOR WASHINGTON COUNTY

| | |
|---|---|
| TERESA ANDERSON, Executor of the Estate and for heirs and next of kin of KEITH ANDERSON, deceased, and TERESA ANDERSON, Individually, | Case No. LALA002938 |
| Plaintiff, | |
| v. | ORIGINAL NOTICE FOR PETITION FOR MONEY DAMAGES |
| MEDITRONIC, INC., MEDITRONIC USA, INC., MEDITRONICPUERTO RICO OPERATIONS, CO, and MEDITRONIC LOGISTICS, LLC, | |
| Defendants. | |

TO THE ABOVE-NAMED DEFENDANTS: MEDTRONICPUERTO RICO OPERATIONS CO., and MEDTRONIC LOGISTICS, LLC.

YOU ARE HEREBY NOTIFIED that a Petition has been filed in the office of the Clerk of this Court, naming you as the Defendant in the action. A copy of the Petition (and any documents filed with it) is attached to this Notice. The attorney for the Plaintiff's is Larry F. Woods, whose address is 24 North Frederick Avenue, Oelwein, IA 50662. That the attorney's telephone number is (319) 283-3204; facsimile number is (319) 283-9193.

YOU must serve a Motion or Answer within 60 days following the filing of this Original Notice with the Iowa Secretary of States Office, and within a reasonable time thereafter, file your Motion or Answer with the Clerk of the Iowa District Court for Washington County, at the County Courthouse 224 West Main Street in Washington, Iowa 52353. If you do not, judgment by default may be rendered against you for the relief demanded in the Petition.

If you require the assistance of auxiliary aide or services to participate because of disability, immediately call your district ADA coordinator at (515) 242-5655. If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.

# Iowa Judicial Branch

*Case No.* **LALA002938**

*County* **Washington**

*Case Title* KEITH ANDERSON ESTATE ET AL V MEDTRONIC INC

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(641) 684-6502** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued* **03/21/2023 12:57:05 PM**



*District Clerk of Court or/by Clerk's Designee of* Washington *County*

**/s/ Barbara J Liebe**

IN THE DISTRICT COURT OF IOWA, IN AND FOR WASHINGTON COUNTY

| | |
|---|---|
| TERESA ANDERSON, Executor of the Estate and for heirs and next of kin of KEITH ANDERSON, deceased, and TERESA ANDERSON, Individually, | Case No. LALA002938 |
| Plaintiff, | |
| v. | ORIGINAL NOTICE FOR PETITION FOR MONEY DAMAGES |
| MEDITRONIC, INC., MEDITRONIC USA, INC., MEDITRONICPUERTO RICO OPERATIONS, CO, and MEDITRONIC LOGISTICS, LLC; | |
| Defendants. | |

TO THE ABOVE-NAMED DEFENDANTS: MEDTRONIC, INC., AND MEDTRONIC USA, INC., DEFENDANTS.

YOU ARE HEREBY NOTIFIED that there is now on file in the office of the Clerk of this Court, a Petition in the above-entitled action, a copy of which Petition and any documents filed with it is attached hereto. The Plaintiff's attorney is Larry F. Woods, whose address is 24 North Frederick Avenue, Oelwein, IA 50662, phone number is (319) 283-3204 and fax number is (319) 283-9193, and email is lfwoods@trxinc.com.

YOU must serve a Motion or Answer within 20 days after service of this Original Notice upon you, you serve, and within a reasonable time thereafter file, your Motion or Answer, with the Iowa District Court for Washington County, at the County Courthouse, 224 West Main Street, in Washington, IA 52353. If you do not, judgment by default may be rendered against you for the relief demanded in the Petition.

If you require the assistance of auxiliary aide or services to participate because of disability, immediately call your district ADA coordinator at (515) 242-5655. If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.

# Iowa Judicial Branch

| | |
|---|---|
| *Case No.* | **LALA002938** |
| *County* | **Washington** |

*Case Title*   **KEITH ANDERSON ESTATE ET AL V MEDTRONIC INC**

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(641) 684-6502** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **03/21/2023 12:57:05 PM**



*District Clerk of Court or/by Clerk's Designee of* Washington          County
*/s/* **Barbara J Liebe**

## IN THE IOWA DISTRICT COURT FOR WASHINGTON COUNTY

| | | |
|---|---|---|
| TERESA ANDERSON, Executor of | ) | |
| The Estate and for heirs and next of kin | ) | Case No: |
| of KEITH ANDERSON, deceased, and | ) | |
| TERESA ANDERSON, Individually | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PETITION AT LAW** |
| | ) | **FOR MONEY DAMAGES** |
| MEDTRONIC, INC., | ) | **(JURY DEMAND)** |
| MEDTRONIC USA, INC., | ) | |
| MEDTRONIC PUERTO RICO | ) | |
| OPERATIONS, CO, and | ) | |
| MEDTRONIC LOGISTICS, LLC | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW Plaintiff Teresa Anderson, by and through the undersigned attorneys, files

this, his Complaint against Medtronic, Inc.; Medtronic USA, Inc.; Medtronic Puerto Rico

Operations, Inc.; and Medtronic Logistics, LLC (collectively "Defendants" or "Medtronic"), and

alleges as follows:

## I. INTRODUCTION

1.     This is a product liability wrongful death action seeking damages for personal

injuries sustained by Plaintiff Teresa Anderson on behalf of the estate of Mr. Keith Anderson,

deceased, arising from, and in connection with, his use of a defective product designed,

manufactured, labeled, distributed, and/or otherwise placed into the stream of commerce by

Defendants and/or each of them. As set forth herein, Mr. Anderson suffered severe injuries as a

foreseeable, direct, and proximate result of defects in his Medtronic SynchroMed II

Programmable Implantable Infusion Pump System for intrathecal drug delivery, which was

1

implanted in his abdomen. Plaintiffs bring this action to recover for the damages caused by Defendants' conduct.

## II. PARTIES

2.      Plaintiff, the Estate of Keith Anderson, is a duly opened and authorized estate in the Iowa District Court for Delaware County under Probate No. ESPR007946.

3.      Plaintiff, the Estate of Keith Anderson, asserts this wrongful death claim on behalf of the Estate and all individuals claiming a right of recovery through the Estate.

4. Keith Anderson, at all times material was a resident of Kalona, Iowa, at the time of his death on January 2, 2021.

5.  Plaintiff, Teresa Anderson, is the wife and surviving spouse of the decedent, Keith W. Anderson.

6.      Defendant MEDTRONIC, INC. is a corporation incorporated or organized under the laws of Ireland, with its principal place of business at 710 Medtronic Parkway, Minneapolis, Minnesota 55432.

7.      Defendant MEDTRONIC USA, INC. is, and at all relevant times was, a corporation incorporated under the laws of Florida, with its principal place of business at 710 Medtronic Parkway, Minneapolis, Anoka County, Minnesota 55432.

8.      Defendant MEDTRONIC PUERTO RICO OPERATIONS CO. is, and at all relevant times was, a wholly owned subsidiary of Defendant Medtronic, Inc., and a corporation incorporated under the laws of the Cayman Islands, with its principal place of business at Ceiba Norte Industrial Park Road 31, Km. 24, HM 4 Call Box 4070, Junco 00777-4070, Puerto Rico.

9.      Defendant MEDTRONIC LOGISTICS, LLC is, and at all relevant times was, a limited liability company organized under the laws of Florida with its principal place of business

2

at 710 Medtronic Parkway, Minneapolis, Minnesota 55432. The sole member of Medtronic Logistics, LLC is, and at all relevant times was, Medtronic USA, Inc. Consequently, Medtronic Logistics, LLC is a citizen of Florida and Minnesota.

### III. JURISDICTION AND VENUE

10.. The Court has jurisdiction over the subject matter the parties herein.

11. Venue is proper in this Court as Washington County in which the acts complained of occurred.

12. This Court has general jurisdiction over the Defendants, as they sell, advertise, market, and/or distribute SynchroMed II Devices within the State of Iowa, and do substantial business in this state.

13. The claims raised in this case are in excess of $10,000, and are in the jurisdiction amount of the Iowa District Court.

14. This Court has personal jurisdiction over all Defendants, each of which is licensed to conduct and/or is systematically and continuously conducting business in the State of Iowa, including, but not limited to, the marketing, researching, testing, advertising, selling, and distributing of medical devices, including SynchroMed II, to the residents of the State of Iowa.

15. Defendants are, and at all relevant times were, involved in the design, assembly, manufacture, testing, packaging, labeling, marketing, distribution, sale, and/or promotion of, and/or were otherwise involved in the placing in the stream of commerce, medical devices including the SynchroMed II Programmable Implantable Infusion Pump System, and thus transacted business within the State of Iowa; made a contract to supply services or things within the State of Iowa and/or engaged in the tortious conduct within the State of Iowa, as alleged herein.

3

16. Defendants developed, manufactured, promoted, marketed, tested, researched, distributed, warranted, and sold SynchroMed II Devices in interstate commerce.

17. The State Court of Iowa is proper for this civil action as the installation and implanting of the subject device occurred Iowa; Mr. Anderson also sought treatment related to the device and condition in Iowa.

## IV. FACTS COMMON TO ALL COUNTS

18. Mr. Keith Anderson was a patient who experienced chronic pain. As a result, he had a SynchroMed II intrathecal pain pump implanted for pain management in 2014.

19. For several years, Mr. Anderson's pump worked intermittently providing some pain relief. However, on or about 2014, he noticed the pump was beeping and started to feel some signs of withdrawal. Mr. Anderson presented to his doctor, who suspected motor stall and attempted to restart the pump to cure the motor stall. Mr. Anderson was given oral morphine and told to present to the emergency room if his withdrawal symptoms persisted.

20. Mr. Anderson continued to have issues with the pump.

21. Due to the aforementioned defects and malfunctions, Plaintiff's SynchroMed II Device failed to deliver the prescribed medication as programmed, resulting injury. The withdrawal symptoms he experienced were directly and proximately caused by the failures and defects in his Medtronic SynchroMed II pump. If he had known of these failures and defects prior to implantation, Mr. Anderson would not have had the SynchroMed II pump implanted.

22. Upon information and belief, Mr. Anderson's underinfusion and ultimately life-threatening morphine withdrawals caused these very serious injuries and were the result of manufacturing defects in Plaintiff's pump as alleged herein insofar as the pump experienced motor stalls, which were unable to be remedied by restarting the pump.

4

23. As a direct and proximate result of Defendants' carelessness and negligence described herein, Plaintiff has suffered severe physical and emotional injuries, and economic loss, which Plaintiff will continue to suffer. Additionally, Plaintiff has incurred substantial damages in excess of the jurisdictionally required $75,000. Had Plaintiff not had Defendants' defective SynchroMed II device implanted, Plaintiff would not have suffered those injuries and damages as described and complained of herein.

24. This supports Plaintiff's allegations that his individual SynchroMed II pump did not meet PMA specifications. In particular, it shows that his pump experienced a specific defect known by Medtronic to occur in other SynchroMed II pumps that also did not comply with PMA specifications, as evidenced by frequent notifications by the FDA of the violations resulting in adulterated pumps defective due to motor stall.

25. His pump was likely manufactured the same year in which the FDA inspection found Medtronic still manufacturing pumps defective due to motor stall, in violation of Federal law. Additionally, based on Medtronic long history of failure to implement the necessary changes to prevent defective products, the United States Attorney filed an injunction against Medtronic stating that, "[b]ased upon Defendants' conduct, Plaintiff believes that, unless restrained by order of this Court, Defendants will continue to violate 21 USC §§ 331(a) and (k)"—introducing into interstate commerce any article of device that is adulterated or misbranded, or causing any article of device to become adulterated or misbranded while such devices are held for sale after shipment in interstate commerce.

26. This shows that, regardless of when Mr. Anderson's device was specifically manufactured, there is sufficient documentation to show that the specific defect included in Mr. Anderson's pump, namely motor stall, was frequent, known, and uncorrected from at least 2011

to 2015. Mr. Anderson received his defective SynchroMed II pump during this time and the resulting malfunction within the pump, as well as his associated symptoms and injuries, align with the specific malfunctions, symptoms, and injuries listed in the recalls, warning letters, and other documentation listed above.

27.     Alternatively, on June 3, 2013, Medtronic initiated a Class I recall of the SynchroMed II pump. This recall was issued due to internal electrical shorting, resulting in a motor stall or battery failure, cessation of therapy, underinfusion, and withdrawal. This recall was in effect during the time that Mr. Anderson had his pump implanted.

28.     Mr. Anderson experienced motor stalls, which may have been caused by shorting and/or battery failure, on a multitude of occasions where he failed to receive the proper dose of medication causing withdrawal.

## V. CAUSES OF ACTION

### Count I
### Products Liability: Manufacturing Defect

29.     Plaintiff incorporates by reference, as fully set forth herein, each and every allegation contained in the preceding paragraphs of this Complaint.

30.     Under Iowa law, a product is defective when, at the time of sale or distribution, it contains a manufacturing defect. A product contains a manufacturing defect when the product departs from its intended design even though all possible care was exercised in the preparation and marketing of the product.

31.     The SynchroMed II Device implanted in Plaintiff's abdomen departed from the indented design and was therefore defective.

32.     Medtronic's SynchroMed II Devices were "adulterated within the meaning of section 501(h) of the Act, 21 U.S.C. § 351(h), in that the methods used in, or the facilities or

6

controls used for, their manufacture, packing, storage, or installation are not in conformity with the Current Good Manufacturing Practice (CGMP) requirements of the Quality System (QS) regulation found at Title 21, Code of Federal Regulations (21 CFR), Part 820." This same contention was repeated in the 2006, 2007, 2008, and 2009 inspections and associated warning letters.

33. Medtronic failed to manufacture devices that adequately conformed to specifications and instead manufactured devices that were not adequately controlled. Specifically, Medtronic, failed to establish adequate CAPA procedures, in that "[a]ctions needed to correct and prevent recurrence of a quality problem were identified but not implemented" concerning electrical shorting leading to pump motor stalls and implementation of recommendations from the Risk Evaluation Board, "Health Hazard Assessments for high priority CAPAs with the highest patient severity of death were not completed in a timely fashion." This failure allowed Plaintiff's SynchroMed II pump to be manufactured in a way that did not conform with FDA pre-market specifications and CGMP requirements, and allowed the pump to then be placed, without inspection for defects, on the market and sold in a defective condition to Mr. Anderson. The defective pump then stalled or otherwise failed to deliver the programmed dose of medication directly causing Mr. Anderson's injuries as plead herein;

34. Based on the above violations of law, as well as the clear existence of a defect within Mr. Anderson's device which caused his injury, Mr. Anderson's device was not reasonably safe for its intended use because, when used as intended, the device's motor stalled, causing withdrawal, and because a prudent manufacturer would not sell devices which did not comply with PMA specifications or which were manufactured in deviation from applicable regulations. Medtronic was fully aware that Mr. Anderson's device was not compliant with

Federal law and chose to sell the device anyway. This device was then implanted as defective into Mr. Anderson's body and stalled, causing withdrawal.

35.     Plaintiff's claims are based on the defective nature of his individual SynchroMed II device and he brings these claims under the state law of Iowa. Plaintiff claims that his device was defective as a direct result of Medtronic's violations of law in that their manufacturing failures caused and allowed Mr. Anderson's device to be manufactured defectively. This defect, a pump which was prone to motor stall, caused the ultimate failure of the device due to motor stall. This failure caused Mr. Anderson's real and extensive injuries.

36.     As a foreseeable, direct, and proximate result of the SynchroMed II Device's aforementioned defects, the SynchroMed II Device implanted in Plaintiff caused life-threatening withdrawal when the pump motor stalled. These defects directly, proximately, and legally caused Plaintiff to suffer injury and damages, including pain and suffering, mental anxiety and anguish, lasting injury, and medical bills.

**Count II**
**Products Liability: Inadequate Warning**

37.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation contained in the preceding paragraphs of this Complaint.

38.     Under Iowa law, a product is defective due to inadequate warning or instruction when the foreseeable risk of harm posed by the product could have been reduced or avoided by the provision of reasonable instructions or warnings by the seller or other distributor and the omission of the instructions or warnings renders the product nor reasonably safe.

39.     At all times relevant hereto, the Defendants intentionally, willfully, and/or recklessly, concealed material facts regarding risks associated with SynchroMed II Devices including those which caused Mr. Anderson's injuries and damages. Medtronic concealed this

8

information from consumers and the medical and healthcare community, including Plaintiff and his providers, with respect to the SynchroMed II Device. A manufacturer exercising reasonable care would have provided consumers with reasonable information concerning the risks associated with SynchroMed II pumps, specifically pumps' increased potential for motor stall, the subject of the numerous FDA investigations, warning letters, and recalls. This is especially true in light of the likely harm to consumers, such as Mr. Anderson, such as severe pain and unintentional/unknown withdrawal from medications, severe bodily injury, or even death, making the product not reasonably safe.

40. As a foreseeable, direct, and proximate result of the SynchroMed II Device's inadequate warning, the SynchroMed II Device implanted in Plaintiff caused life-threatening withdrawal when the pump motor stalled. These defects directly, proximately, and legally caused Plaintiff to suffer injury and damages, including pain and suffering, mental anxiety and anguish, lasting injury, and medical bills.

## Count III
## Breach of Implied Warranty

41. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation contained in the preceding paragraphs of this Complaint.

42. The SynchroMed II Device implanted in Plaintiff's abdomen was not reasonably fit for the ordinary purposes for which such goods are used and did not meet the expectations for the performance of the product when used in the customary, usual and reasonably foreseeable manner. Nor was the SynchroMed II Device minimally safe for its expected purpose.

43. At all times relevant hereto, Medtronic, as a merchant of medical devices including the SynchroMed II Device, impliedly warranted to Plaintiff that his SynchroMed II

9

device was fit for the ordinary purposes for which it would be used—the intrathecal administration of pain medications.

44.     At all relevant times, plaintiff used the SynchroMed II Device for the purpose and in the manner intended by Defendants.

45.     Plaintiff and plaintiff's physician, by the use of reasonable care would not have discovered the breached warranty and realized its danger.

46.     Defendants breached their implied warranty of merchantability, including fitness for the ordinary purpose for which such goods are used because the Defendants' numerous violations of FDA regulations resulted in the manufacture, sale, and distribution of a defective SynchroMed II device to Plaintiff. The SynchroMed II pump sold to Mr. Anderson was not of acceptable quality because it was defective and was not generally fit for the ordinary purpose for which such goods are used because it frequently failed to deliver medication, as intended and designed, leading to periods of overinfusion, underinfusion, severe pain, and withdrawal causing Mr. Anderson to seek additional oral medication and, eventually, alternative treatment altogether.

47.     Defendants breached their implied warranty of merchantability, including fitness for a particular purpose, because the Defendant designed, marketed, and produced this product with knowledge that patients seeking administration of medication in alternative ways (through a pump as opposed to orally) would consult with doctors, as well as performing independent research, and that these patients would rely on Medtronic's representations of the product as a safe and effective alternative to oral medication to seek out, request, or accept the recommendations of their doctors and have the device implanted. However, the SynchroMed II pump sold to Mr. Anderson was not the same product represented by Medtronic because it was

defective, failed to deliver the proper dose of morphine regularly, was not a safer or more effective alternative method to oral medications for Mr. Anderson, and failed to properly manage his chronic pain and spasticity, as Medtronic represented that it would.

48.     Defendants breached their implied warranty of fitness for a particular purpose because, although designed, marketed, regulated, and otherwise intended for the specific purpose of delivering medication into the intrathecal space of the spine (in particular for pain relief), Mr. Anderson's pump motor stalled, failed to deliver medication as programmed, and failed to provide him with pain relief to the extent that he was required to take additional oral medications and seek alternative treatment for his pain.

49.     The breach of warranty was a substantial factor in bringing about Plaintiff's injuries.

50.     As a foreseeable, direct, and proximate result of the SynchroMed II Device's forementioned defects, the SynchroMed II Device implanted in Plaintiff caused life-threatening withdrawal when the pump motor stalled. These defects directly, proximately, and legally caused Plaintiff to suffer injury and damages, including pain and suffering, mental anxiety and anguish, lasting injury, and medical bills.

## Count IV
## Fraudulent Misrepresentation

51.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation contained in the preceding paragraphs of this Complaint.

52.     At all times relevant hereto, the Defendants intentionally, willfully, and/or recklessly, with the intent to deceive, fraudulently misrepresented and/or fraudulently concealed material facts to consumers and the medical and healthcare community, including Plaintiff and his providers, with respect to the SynchroMed II Device in violation of Iowa law.

11

53.    The fraudulent misrepresentations and/or concealments concerning the SynchroMed II Device made by the Defendants include, but are not limited to the following:

a.    the SynchroMed II pump was safe and effective;

b.    the SynchroMed II pump was free from defect and fit for use for its intended purpose;

c. the SynchroMed II pump met with all FDA PMA requirements and specifications as is required by federal law.

54.    Mr. Anderson's SynchroMed II pump was defective as sold, stalled, seized, or otherwise failed to deliver medication as programmed, causing serious and life-threatening withdrawal. Additionally, the purpose of the device, as advertised and sold, was for the delivery of pain medication and the relief of pain. Mr. Anderson suffered months of severe pain before discovering the defect in his device. This shows the SynchroMed II pump which Mr. Anderson received was neither safe, nor effective, was unfit for its purpose to deliver medication as programmed, and that the pump did not comply with its pre-market approval specifications.

55..    At the time Defendants made these representations, Defendants knew the representations were false and misleading. There is a long history of pump failures, recalls, warning letters, and other regulatory documentation regarding the specific defect which caused Mr. Anderson's pump to fail, as well as significant documentation of Medtronic's continuous failure to address this defect. Despite frequent notifications of pump stall defects, Medtronic failed or refused to correct its manufacturing, processing, screening, testing, and other CGMP regulations to produce SynchroMed II pumps which complied with pre-market approval specifications. These failures directly caused Mr. Anderson's pump to be manufactured defectively.

12

56. Defendants' representations regarding the SynchroMed II pump were material, false, misleading and made with actual or constructive knowledge that they were false.

57. Defendants made these representations with the intent of defrauding and deceiving healthcare providers and Plaintiff to recommend, prescribe, dispense and/or purchase the SynchroMed II pump.

58. When Plaintiff used the SynchroMed II pump, he and his healthcare providers were unaware of the falsity of said representations and reasonably believed them to be true.

59. In reasonable reliance upon said representations, Plaintiff's providers were induced to prescribe the SynchroMed II pump to Plaintiff.

60. Had Defendants not made the false statements about the SynchroMed II pump, Plaintiff would not have used the product and his medical providers would not have implanted it and recommended it as safe.

61. Defendants are and were under a continuing duty to monitor and disclose the risks of the SynchroMed II pump. They have fraudulently concealed the risks and their knowledge of them. Defendants' fraudulent concealment was designed to prevent, and did prevent, the public and the medical community at large from discovering the risks and dangers associated with the SynchroMed I pump. Their fraudulent concealment also prevented Plaintiff from discovering, and/or with reasonable diligence being able to discover his cause of action.

62. As a foreseeable, direct, and proximate result of the SynchroMed II Device's aforementioned defects, the SynchroMed II Device implanted in Plaintiff caused life-threatening withdrawal when the pump motor stalled. These defects directly, proximately, and legally caused Plaintiff to suffer injury and damages, including pain and suffering, mental anxiety and anguish, lasting injury, and medical bills.

13

## Count V
## Negligence

63.     Plaintiff adopts by reference the foregoing language of this Petition as if fully set forth herein and further states as follows:

64.     At all relevant times, defendants had a duty to exercise reasonable care in the design, formulation, testing, manufacture, marketing, sale, and distribution of the SynchroMed II Device, including a duty to ensure that the SynchroMed II Device did not pose a significantly increased risk of bodily injury to its users.

65.     Defendants had a duty to exercise reasonable care in the advertising and sale of the SynchroMed II Device, including a duty to warn plaintiff and other consumers, of the dangers associated with the consumption of the SynchroMed II Device that were known or should have been known to defendants at the time of the sale of the SynchroMed II Device to the plaintiff.

66.     Defendants failed to exercise reasonable care in the design, testing, manufacture, marketing, sale and distribution of the SynchroMed II Device because defendants knew or should have known that the SynchroMed II Device had a propensity to cause serious injury, including motor stall and overdosing/underdosing.

67.     Defendants failed to exercise ordinary care in the labeling of the SynchroMed II Device and failed to issue adequate pre-marketing or post-marketing warnings to prescribing doctors and the general public regarding the risk of serious injury, including motor stall and overdosing/underdosing.

68.     Defendants knew or should have known that plaintiff could foreseeably suffer injury as a result of defendants' failure to exercise ordinary care as described above.

14

69. Defendants breached their duty of reasonable care to Plaintiff by failing to exercise due care under the circumstances.

70. As a direct and proximate result of defendants' acts and omissions, including their failure to exercise ordinary care in the design, formulation, testing, manufacture, sale, and distribution of the SynchroMed II Device, plaintiff was implanted with the SynchroMed II Device and suffered severe and debilitating injuries, economic loss, and other damages, including but not limited to, cost of medical care, rehabilitation, lost income, permanent instability and loss of balance, immobility, and pain and suffering, for which she is entitled to compensatory and equitable damages and declaratory relief in an amount to be proven at trial.

71. As a foreseeable, direct, and proximate result of the SynchroMed II Device's aforementioned negligence, the SynchroMed II Device implanted in Plaintiff caused life-threatening withdrawal when the pump motor stalled. These defects directly, proximately, and legally caused Plaintiff to suffer and continue to sustain the following damages, including but not limited to:

A. The present value of the additional amounts Keith Anderson would reasonably have been expected to have accumulated as a result of his own effort had he lived out the term of his natural life;

B. Funeral expenses;

C. Interest on funeral expenses;

D. Past and future loss of income to the estate of Keith Anderson;

E. Pre and post death pain and suffering;

F. Pre and post death loss of full mind and body;

G. Loss of enjoyment of life;

15

H. Emotional distress and anguish

## Count VI
## Loss of Consortium

72. Plaintiff. Teresa Anderson, adopts by reference the foregoing language of this Petition as if fully set forth herein and further states as follows:

73. At all times material, plaintiff Keith Anderson was the husband of Teresa Anderson.

74. The defendants acts and omissions are the direct and proximate cause of the damages sustained by Teresa Anderson, and all next of kin that assert a claim is part of the next of kin.

75. As a approximate result of the acts aforesaid, Teresa Anderson will have in the past and will in the future sustain loss of consortium, including aid, affection, society, companionship, and have in the past and will in the future suffer damages for the costs of counseling and mental health treatment associated with the death of her husband, and have in the past and will in the future suffer emotional distress, mental disability, anguish, anxiety, and other mental health conditions, concerns, and/or defects as a result of the death of Keith Anderson.

## VI. CONCLUSION

WHEREFORE, Plaintiff prays for the following:

(a) That Plaintiff recover from Defendants, jointly and severally, general and special damages, all in an amount to be determined by a jury of Plaintiff's peers;

(b) That Plaintiff recover against Defendants for their wrongful conduct such punitive damages that will punish and deter similar conduct, all in an amount to be determined by a jury of Plaintiff's peers;

16

(c)     That Plaintiff recover reasonable attorneys' fees and expenses of litigation; and

(d)     That Plaintiff has such other and further relief as this Honorable Court deems just

and proper under the circumstances.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on their claims herein.


RESPECTFULLY SUBMITTED


By:/s/ Larry Woods
Larry Woods, #AT0008733
24 North Frederick Avenue
Oelwein, IA 50662
Ph: (319) 283-3204
Fax: (319) 283-9193
lfwoods@trxinc.com

COUNSEL FOR PLAINTIFFS

17



# IOWA JUDICIAL BRANCH
### Administering justice under the law equally to all persons.

# ELECTRONIC FILING

## Case Number: LALA002938   Case Title: KEITH ANDERSON ESTATE ET AL V MEDTRONIC INC

Opened: 01-02-2023
County: Washington
Case Type: PI-PRODUCT LIABILITY(NONTOXIC)      Judge:
Next Scheduled Date & Time: 2023-05-24 09:20:00   Event: TRIAL SCHEDULING CONFERENCE
Prayer Amount: $.00

⊞ Show/Hide Participants

| File Date | Docket # | Case History |
|---|---|---|
| 04-21-2023 09:10:00 AM<br>Court | | **ORDER FOR TRIAL SCHEDULING CONFERENCE**<br>TRIAL SCHEDULING CONFERENCE 05/24/2023 09:20 AM 92TC.<br>Filed by: Court |
| 03-31-2023 07:50:00 AM<br>Court | | **RETURN OF ORIGINAL NOTICE**<br>SERVED MEDTRONIC LOGISTICS LLC 3/29/23 BY SERVING IOWA<br>SECRETARY OF STATE - KAY COURT - CLERK<br>Filed by: Court |
| 03-31-2023 07:29:00 AM<br>Court | | **RETURN OF ORIGINAL NOTICE**<br>SERVED MEDTRONICPUERTO RICO OPERATIONS CO 3/29/23 BY SERVING<br>IOWA SECRETARY OF STATE - KAY COURT- CLERK<br>Filed by: Court |
| 03-30-2023 08:12:00 AM<br>Court | | **RETURN OF ORIGINAL NOTICE**<br>SERVED MEDTRONIC INC 3/23/23 BY SERVING C/O CORPORATION<br>SERVICE COMPANY - DANIELLE LANDALS - RECEPTIONIST<br>Filed by: Court |
| 03-30-2023 08:01:00 AM<br>Court | | **RETURN OF ORIGINAL NOTICE**<br>SERVED MEDTRONIC USA INC C/O CORPORATION SERVICE COMPANY BY<br>SERVING DANIELLE SANDALS - RECEPTIONST<br>ON 3/23/23<br>Filed by: Court |
| 03-21-2023 12:03:00 PM<br>Plaintiff | | **CIVIL ORIGINAL NOTICE**<br>FOR IOWA REGISTERED COMPANY<br>Filed by: LARRY FRANCIS WOODS |
| 03-21-2023 12:03:00 PM<br>Plaintiff | | **CIVIL ORIGINAL NOTICE**<br>FOR NON IOWA REGISTERED COMPANIES<br>Filed by: LARRY FRANCIS WOODS |
| 01-02-2023 02:55:00 PM<br>Plaintiff | | **PETITION FILED: PETITION**<br>Filed by: LARRY FRANCIS WOODS |
| 01-02-2023 02:55:00 PM<br>Plaintiff | | **JURY DEMAND: PETITION**<br>Filed by: LARRY FRANCIS WOODS |



EXHIBIT B